**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01756-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

SHARI L. STRATTON,

      Plaintiff,

v.

UNITED LAUNCH ALLIANCE, L.L.C. (dba ULA), a Delaware Corporation, and/or
DOES 1 THROUGH 100, inclusive, 9501 East Panorama Circle, Centennial, CO 80122,
      and
OCCUPATIONAL HEALTH GROUP, 1615 Kathy Lane SW, Decatur, AL 35603,

      Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT**

---

      Plaintiff, Shari L. Stratton, has submitted a Motion to File Without Payment of

Filing Fee and Supporting Financial Affidavit (ECF No. 3) and a Complaint (ECF No. 1)

for money damages pursuant to the Americans With Disability Act (ADA) and apparently

Title VII.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1, the court has

determined that the submitted documents are deficient as described in this order.

Plaintiff will be directed to cure the following if she wishes to pursue her claims.  Any

papers that Plaintiff files in response to this order must include the civil action number

on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:
(1)    __    is not submitted
(2)    X    is not on proper form (must use the court's current form)

(3)   __   is missing original signature by plaintiff/petitioner/applicant
(4)   __   is missing affidavit
(5)   __   affidavit is incomplete
(6)   __   affidavit is not notarized or is not properly notarized
(7)   __   names in caption do not match names in caption of complaint, petition or
           application
(8)   __   other:

**Complaint or Petition**:
(9)   __   is not submitted
(10)  _X_  is not on proper form (must use the court's current form)
(11)  __   is missing an original signature by the plaintiff/petitioner/applicant
(12)  __   is incomplete
(13)  __   uses et al. instead of listing all parties in caption
(14)  __   names in caption do not match names in text
(15)  __   addresses must be provided for all defendants/respondents in "Section A.
           Parties" of complaint, petition or habeas application
(16)  _X_  other: Fails to assert claims.  Fails to submit notice-of-right-to-sue letter if
           asserting Title VII claims.

The ADA prohibits covered employers from discriminating against "a qualified

individual on the basis of disability."  42 U.S.C. § 12112(a).  ADA discrimination claims

follow the family burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411

U.S. 792 (1973).  To establish a prima facie case of discrimination, Plaintiff must show:

(1) she was disabled; (2) she was qualified, with or without reasonable accommodation,

to perform the essential functions of her job; and (3) her employer discriminated against

her because of her disability. *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1216

(10th Cir.2012).  Under the ADA, a person is disabled if she (1) has a physical or mental

impairment that substantially limits one or more of his major life activities, (2) has a

record of such an impairment, or (3) is regarded by her employer as having such an

impairment. 42 U.S.C. § 12102(1).  In addition, supervisors and other employees may

not be held personally liable under the ADA.  *See Butler v. City of Prairie Village*, 172

F.3d 736 (10th Cir. 1999) (holding that the ADA, like Title VII and the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

Ms. Stratton fails to allege that she meets the definition of disabled, and does not allege which Defendant is her employer. Therefore, it is not clear to the Court whether her reliance on the ADA is misplaced.

To the extent Ms. Stratton may be asserting claims pursuant to Title VII, she fails to clarify whether she has exhausted administrative remedies. She fails to attach a notice-of-right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC), which the Title VII Complaint form she is being directed to complete requests, if available.

To bring a claim under Title VII, a claimant must exhaust his or her administrative remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement). The purposes of the administrative exhaustion requirement are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003). An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007). Facts

supporting each element of a prima facie case of retaliation must be alleged in a charge in order for a retaliation claim to be exhausted.  *Id.* at 1186.  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

The amended Title VII Complaint Ms. Stratton will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Stratton in her original Complaint fails to assert any facts in support of her claims.  Rather, she provides an extended background on the nature to the case, but

fails to allege which allegations correspond with which claim or the basis for each asserted claim.  This is unacceptable.  It is Ms. Stratton's responsibility to present her claims in a manageable and readable format that allows the court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Ms. Stratton must allege, simply and concisely, the jurisdictional basis for this lawsuit and her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Generally, Ms. Stratton fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Ms. Stratton will be given an opportunity to cure the deficiencies in her Complaint by submitting an amended Title VII Complaint that clearly asserts the grounds for this court's jurisdiction, states appropriate claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and

alleges specific facts that demonstrate how each named defendant personally participated in the asserted violations.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above and file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Title VII Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 9th day of July, 2013.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge