IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-01756-RBJ-KLM

SHARI L. STRATTON,

      Plaintiff,

v.

UNITED LAUNCH ALLIANCE, L.L.C., a Delaware Corporation doing business as ULA, and
SHELLIE A. AGUILERA, an individual,

      Defendants.

---

**AMENDED ORDER ADOPTING AND AFFIRMING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 23, 2014 Recommendation [ECF No. 33] of

Magistrate Judge Kristen L. Mix that the Court grant the defendants' motion to dismiss [ECF

No. 17]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific

written objections were due within fourteen (14) days after being served with a copy of the

Recommendation. [ECF No. 33 at 20.] The plaintiff filed a timely objection on June 6, 2014

[ECF No. 34].[1] Upon a de novo review of the objections filed, the Court adopts and affirms in

part the Recommendation of Judge Mix.[2]

---

[1] This motion is titled "Request for Reconsideration of Recommendation of United States Magistrate
Judge," which the Court liberally construes as an objection to the Recommendation. *See Hall v. Bellmon*,
935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held
to a less stringent standard than formal pleadings drafted by lawyers.").

[2] The Court adopts the general recommendation to dismiss all claims, but it does not fully adopt the
recommendations concerning which claims should be dismissed with prejudice versus without prejudice.

## LEGAL STANDARD

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* When a magistrate judge issues an order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the Court at any point in the proceeding. Fed. R. Civ. P. 12(h)(3); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). A motion to dismiss pursuant to Rule 12(b)(1) may challenge the complaint on its face or based upon additional facts. "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). When reviewing a factual attack supported by affidavits or other documents, the Court makes its own factual findings and, in doing so, does not convert the motion to one brought pursuant to Fed. R. Civ. P. 56. *Id.* at 1003.

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "Jurisdiction is a threshold question that a federal court must address before reaching the merits

2

of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied." *Id.* "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya*, 296 F.3d at 955 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

In reviewing a 12(b)(6) motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 681.

Because Ms. Stratton represents herself, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not become an advocate for a *pro se* litigant, nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

**BACKGROUND**

This case arises out of a complaint alleging employment discrimination under Title VII and the Americans with Disabilities Act ("ADA") as well as three state law claims based in tort. A thorough summary of the factual background of this case was provided in the Recommendation, which has been incorporated herein.  Ms. Stratton states seven causes of action against Defendants United Launch Alliance, LLC ("ULA") and Shellie A. Aguilera: (1) ADA—Denial of Request to Provide Reasonable Accommodation; (2) Title VII—Discrimination—Race, Sex, Disability; (3) Title VII, ADA—Harassment/Hostile Environment; (4) Title VII, ADA—Retaliation; (5) Intentional Infliction of Emotional Distress ("IIED"); (6) Tortious Interference with Plaintiff's Economic Gain; and (7) Negligent Misrepresentation. [ECF No. 5 at 10–12].  The first four claims arise under federal law whereas the last three arise under state law.

Judge Mix recommended that the Court dismiss the first four causes of action and, in turn, that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.[3]  Ms. Stratton objected to a number of these recommendations but not all of them.  In particular, Ms. Stratton agreed with Judge Mix's recommendation to dismiss the disability discrimination claim under Title VII.  [ECF No. 34 at 6].  She also did not object to the recommendation to dismiss the state law claims, though the Court would review this recommendation de novo should any of the federal claims remain actionable.

**A. <u>Sex Discrimination, Race Discrimination, and Hostile Work Environment</u>.**

Judge Mix recommended that the plaintiff's claims of sex discrimination, race discrimination, and hostile work environment/harassment under Title VII and the ADA be dismissed pursuant to Rule 12(b)(1), finding that the Court lacked subject matter jurisdiction

---

[3] There is no diversity jurisdiction over these claims.

over the claims because Ms. Stratton failed to exhaust her administrative remedies.  *See Apsley v.*

*Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012); S*hikles v. Sprint/United Mgmt. Co.*, 426 F.3d

1304, 1317 (10th Cir. 2005).  Ms. Stratton objects to this recommendation, but she does not offer

any argument that would cure the jurisdictional defects.  In particular, Ms. Stratton argues that

while she did not allege race discrimination with the EEOC before filing her claim (and therefore

did not exhaust her administrative remedies), she "learn[ed] over the course of time that ULA

was in the practice of regularly granting accommodations to white male and female employees."

[ECF No. 34 at 5].  This allegation, while possibly true, does not cure the jurisdictional defect.

Ms. Stratton also argues that her February 2012 EEOC Charge of Discrimination (the "Charge")

asserts a pattern of discrimination that created a hostile and adverse work environment.  The

Court has reviewed the Charge [ECF No. 5 at 16–17] and disagrees.  Even upon a liberal

reading, the Court finds no allegations of a hostile work environment.  Finally, Ms. Stratton

makes no argument as to why her sex discrimination claim should not be dismissed, and thus her

objection on this claim has not been properly made.  The Court finds that it lacks subject matter

jurisdiction to hear these claims.  They must therefore be dismissed without prejudice.  *See*

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–17 (10th Cir. 2006) (noting that dismissal

on jurisdictional grounds should be made without prejudice).  The Recommendation of

Magistrate Judge Mix as to these three claims is adopted.

   **B. <u>Retaliation</u>.**

   Judge Mix found that that Ms. Stratton's claims of retaliation under Title VII and the

ADA should be dismissed for failure to state a claim upon which relief can be granted.  Judge

Mix also noted that insofar as Ms. Stratton's Complaint could be read to have included claims of

retaliation arising after the filing of her EEOC Charge, the Court lacked subject matter

jurisdiction over these claims.[4]   The Court agrees with both recommendations.

A plaintiff makes out a prima facie case of retaliation under Title VII by showing "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011) (citation omitted).   To state a claim of retaliation under the ADA, the plaintiff must allege "(1) that [she] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 988 (10th Cir. 2012) (citation omitted).   A plaintiff has engaged in protected opposition to discrimination if she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII or the ADA.   42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a).   She has also engaged in protected opposition to discrimination if she "has opposed any practice made an unlawful employment practice" by Title VII or the ADA.   42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a).

To begin, Judge Mix found that Ms. Stratton failed to engage in protected opposition to discrimination under Title VII.   Ms. Stratton's objection fails to address this issue.   Instead, she argues that "the actions that ULA engaged in from when Plaintiff was placed on unpaid leave and she filed with the EEOC and the actions she was subjected to until the Legal Department intervened, constitute a doctrine of continuing violations."   [ECF No. 34 at 6].   This argument

---

[4] Any allegations of retaliation arising from acts that took place after Ms. Stratton filed her EEOC Charge would not be actionable as Ms. Stratton never filed a second charge and therefore did not exhaust her administrative remedies as to these later-rising claims.   *See McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101–02 (10th Cir. 2011).

does not cure the defect, specifically that Ms. Stratton failed to sufficiently allege that she engaged in protected opposition to discrimination under Title VII.

Second, Judge Mix found that Ms. Stratton engaged in protected opposition to discrimination under the ADA by contacting the EEOC in January 2011, even though no formal charge was filed at that time.  However, Judge Mix found other deficiencies in Ms. Stratton's ADA retaliation claim.  In particular, Ms. Stratton failed to sufficiently plead a causal connection between the protected activity and the materially adverse action.  "To establish the causal nexus, a plaintiff must offer evidence of 'close temporal proximity between the protected activity and the retaliatory conduct' or other evidence of causation." *Kenfield v. Colorado Dep't of Pub. Health & Env't*, No. 12-1347, 2014 WL 563588, at *3 (10th Cir. Feb. 14, 2014) (citing *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181–82 (10th Cir. 2006)).  "Without other evidence, three or more months between the protected activity and the adverse action is insufficient to establish a causal connection." *Id.* (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997)).

Judge Mix noted that Ms. Stratton alleged no retaliatory action for over seven months after she engaged in the protected activity.  Ms. Stratton's objection fails to address this deficiency.  Instead, she makes a blanket assertion that the doctrine of continuing violations applies to her claim.  Yet this argument is unavailing, as it does not change the fact that Ms. Stratton did not plead sufficient material allegations to establish a causal connection between the protected activity and the alleged retaliatory action in spite of the seven month gap.[5]  The Court hereby adopts the Recommendation of Magistrate Judge Mix and dismisses the retaliation claims

---

[5] Judge Mix also found that even if a causal connection had existed, Ms. Stratton failed to allege any material adverse action taken against her by ULA.  An actionable claim of retaliation requires that the plaintiff have suffered an adverse employment action.  As discussed below in Part C, Ms. Stratton's objection also fails to cure this defect.

without prejudice.[6]

### C. **ADA.**

Judge Mix recommended that Ms. Stratton's ADA claim be dismissed under Rule

12(b)(6) because she failed to allege that she suffered an adverse employment action.  To state a

prima facie case for discrimination under the ADA, a plaintiff must establish that she "(1) was

disabled; (2) was qualified, that is, could perform the essential functions of the job in question,

with or without accommodation; and (3) suffered adverse employment action because of the

disability."  *Mathews v. Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001).

> The Tenth Circuit has liberally defined the phrase "adverse employment action" and
> takes a case-by-case approach, examining the unique factors relevant to the situation at
> hand.  In general, only acts that constitute a significant change in employment status,
> such as hiring, firing, failing to promote, reassignment with significantly different
> responsibilities, or a decision causing a significant change in benefits will rise to the level
> of an adverse employment action.  However, the term "adverse employment action" is
> not necessarily limited to such acts.  But although the term is not confined to, for
> example, monetary losses in the form of wages or benefits, a mere inconvenience or an
> alteration of job responsibilities does not constitute an "adverse employment action."
> Accordingly, a plaintiff must show that the alleged adverse action caused more than "*de
> minimis* harm" to or a "*de minimis* impact" upon an employee's job opportunities or
> status.

*E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) (internal quotation marks,

alterations, and citations omitted).  An adverse employment action can also be found where an

employer's actions carry "a significant risk of humiliation, damage to reputation, and a

concomitant harm to future employment prospects."  *Berry v. Stevinson Chevrolet*, 74 F.3d 980,

986 (10th Cir. 1996).

Judge Mix found that Ms. Stratton did not sufficiently plead that she suffered an adverse

employment action.  In particular, Ms. Stratton did not allege that she was demoted, reassigned,

or refused a promotion.  She did not allege that her job responsibilities, duties, or compensation

---

[6] The Court does not adopt the recommendation to dismiss these claims with prejudice.

were changed.  She did not allege that her opportunities and status were limited in any way.

Finally, she did not allege that ULA's actions carried a significant risk of humiliation, damage to

reputation, and a concomitant harm to future employment prospects.

Ms. Stratton seeks to cure these deficiencies within her objection.  She contends that

while she had not been fired or demoted, she had not been promoted; that she received

discriminatory performance reviews; and that she suffered humiliation, damage to reputation,

and a concomitant harm to future employment prospects.  [ECF No. 34 at 6].[7]  Yet these

allegations fail to appear on the face of the Amended Complaint.  On a 12(b)(6) motion to

dismiss, the Court looks to the factual allegations made within the pleadings and not in other

filings with the Court.  *Cf. Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The

nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations **within the four corners**

**of the complaint** after taking those allegations as true.") (emphasis added); *E.E.O.C. v. Pitre,*

*Inc.*, 908 F. Supp. 2d 1165, 1171 (D.N.M. 2012) ("In considering Rule 12(b)(6) motions, courts

must look **within the four corners of the complaint**, accept all well-pleaded factual allegations

as true, and determine if the plaintiff is plausibly entitled to relief.") (emphasis added).  The only

potentially retaliatory action discussed in the Amended Complaint is a performance evaluation

from December 2010 in which Ms. Stratton was "harmed by negative commentary as to her

performance/disability."  [ECF No. 5 at ¶ p].  Notably, no facts are alleged that Ms. Stratton

suffered an adverse employment action, such as a demotion, pay decrease, or other tangible job-

related effect, as a result of this negative review.  The Court finds that Ms. Stratton did not

sufficiently allege that she suffered an adverse employment action because of her disability.  The

Recommendation of Magistrate Judge Mix is adopted in part as to the ADA claim, which is

---

[7] She further claims that she and her family "suffered irreparable harm by Plaintiff being absent from home many week day evenings" while she worked late to finish her assignments.  *Id.* at 7.  Yet, this type of harm, while surely tangible, does not constitute an adverse employment action.

hereby dismissed without prejudice. [8]

The rest of Ms. Stratton's objection serves as a recitation of her complaints with ULA. There are no other direct objections made in response to Judge Mix's proposed findings of fact or proposed conclusions of law.

**D. ECF No. 31: Plaintiff's Second Response.**

On October 28, 2013 the defendants filed the present motion to dismiss [ECF No. 17]. On November 19, 2013 Ms. Stratton moved for an extension of time to file her response [ECF No. 19], which Judge Mix granted the next day [ECF No. 21].  Ms. Stratton then filed a second motion for extension of time [ECF No. 22], which was also granted [ECF No. 24].  Ms. Stratton moved for a third extension on December 24, 2013 [ECF No. 26], which was granted in part [ECF No. 29] over the defendants' objections [ECF No. 28].  Judge Mix gave Ms. Stratton until January 21, 2014 to file her response, noting that "[a]bsent exceptional circumstances, no further extension of time shall be granted."  [ECF No. 29].  Ms. Stratton submitted her Response ("First Response") via fax on January 21, 2014 at 5:10pm [ECF No. 30].  She then submitted a second Response ("Second Response") via fax on January 22, 2014 [ECF No. 31].  Judge Mix decided that she would only consider the First Response in ruling on the motion to dismiss, citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), for the proposition that *pro se* litigants must follow the same procedural rules that govern other litigants.  [ECF No. 33 at 1 n.3].

Ms. Stratton begins her objection by asking the Court to reconsider Judge Mix's decision not to rely on her Second Response.  She informs the Court that she had been involved in an accident in October 2013 and had undergone shoulder surgery later that month.  Due to her surgery, she was unable to type on the computer for any lengthy period of time.  Further, her pain medication heavily sedated her, also making it challenging to respond to the defendants'

---

[8] The Court does not adopt the recommendation to dismiss this claim with prejudice.

motion.  Yet, Ms. Stratton received three extensions of time to respond and did in fact file a response by January 21, 2014.  She claims, however, that she accidentally submitted the wrong version of her response, and called Judge Mix's clerk the next day to ask how she could fix the mistake.  The clerk allegedly informed her that she could send in a corrected version [ECF No. 34 at 4], which Ms. Stratton submitted with the following comment on the cover sheet: "Please use this to replace Response submitted yesterday.  It was a draft and not the final for submission."  [ECF No. 31 at 12].

In giving Ms. Stratton the benefit of the doubt, the Court has reviewed the arguments contained in the Second Response.  Unfortunately, the Second Response does not resolve the problems discussed above.  The problems in this case arise out of jurisdictional limitations (based purely on the EEOC Charge) and out of Ms. Stratton's failure to sufficiently plead her other claims (based purely on the Amended Complaint).  The Court would have been bound to dismiss the claims with the jurisdictional defects even if the defendants had not asked the Court to do so.  And while the Court would not have necessarily dismissed the other claims without a motion to dismiss, it based its decision purely on the four corners of the Complaint and on the attached EEOC Charge.

The Court applauds Ms. Stratton's demonstrated capacity and determination in pursuing this action *pro se*.  Unfortunately, the procedural problems outlined above are significant enough that the case must be dismissed.

**E. State Law Claims.**

Due to the recommendation that the Court dismiss all of the actions arising under federal law, Judge Mix recommended that the Court decline to assert supplemental jurisdiction over the state law claims.  The Court hereby adopts this recommendation and dismisses the remaining

state law claims without prejudice.

## ORDER

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge [ECF No. 33] is ACCEPTED and ADOPTED IN PART.  It is further ORDERED that Defendants' motion to dismiss [ECF No. 17] is GRANTED.  The motion is GRANTED WITHOUT PREJUDICE as to the First, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief.  It GRANTED WITH PREJUDICE as to the Second Claim for Relief insofar as it asserts a claim of disability discrimination under Title VII.  It is GRANTED WITHOUT PREJUDICE as to all other claims in the Second Claim for Relief.

As the prevailing party Defendants are awarded their costs pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 23rd day of July, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge